UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00661-FDW

| | | |
|---|---|---|
| **ERICK VLADMIR TEJADA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **US DEP'T OF HOMLAND SECURITY,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon Petitioner Erick Vladmir Tejada's pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241 ("§ 2241"), (Doc. No. 1) and Motion Proceed In Forma Pauperis (Doc. No. 3).

## I. BACKGROUND

According to the habeas Petition, Petitioner was admitted into the United States as a lawful permanent resident on September 15, 1997. On March 26, 2010, he was convicted in Mecklenburg County Superior Court, of cocaine trafficking.

On March 31, 2010, according to Petitioner, the Department of Homeland Security ("DHS") notified him that his lawful permanent resident status had been revoked. See Pet. (Doc. No. 1) at 2 ¶¶ 1-2 (citing "Removal Proceedings," § 240 of the Immigration and Nationality Act ("INA"); 8 U.S.C. § 1229a. Petitioner also alleges a DHS investigation found that his cocaine trafficking conviction was an aggravated felony as defined in INA § 101; 8 U.S.C. § 1101(a)(43)(B), and that he therefore had violated INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii).

Petitioner contends that his state trafficking conviction does not meet the definition of an

1

aggravated felony as defined in § 1101(a)(43)(B) and that amendments to INA § 237 (a)(2)(A)(iii) do not apply to him because they were passed long after he was granted permanent resident status. He argues that, as such, he is not subject to deportation and seeks restoration of his permanent resident status or, in the alternative, asylum in the United States.

Petitioner filed the instant § 2241 Petition on December 12, 2018. According to N.C. Department of Public Safety ("NCDPS") records, Petitioner was released on parole on July 31, 2019.[1] Petitioner has not filed any update in this Court as to his custody, removal, or deportation status.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. Having conducted the required initial review, the Court finds it does not have jurisdiction to consider the Petition on the merits.

## III. DISCUSSION

From the limited information Petitioner has provided, it appears removal proceedings were brought against him beginning in 2010. Petitioner has not stated whether a final order of removal was entered by an immigration judge, and he has not indicated whether Immigration and Customs Enforcement ("ICE") registered a detainer with NCDPS to take him into custody when he was released from prison. Regardless, this Court does not have jurisdiction to consider

---

[1] See N.C. Dep't of Public Safety Offender Public Information, https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (search: Tejada, Erick V., # 1034299, last viewed 12/6/2019).

2

Petitioner's claims.

"Notwithstanding any other provision of law . . . , including section 2241 of Title 28, . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the INA. 8 U.S.C. § 1252(a)(5) (2018). This provision "expressly eliminate[s] district courts' habeas jurisdiction over removal orders." Fernandez v. Keisler, 502 F.3d 337, 346 (4th Cir. 2007).

Additionally, 8 U.S.C. § 1252(g) (2018) states that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General *to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter.

Id. (emphasis added). Accordingly, this Court must dismiss Petitioner's case for lack of subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**.

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 3) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 9, 2019

Frank D. Whitney
Chief United States District Judge